UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW W. MORGAN,<br><br>  Plaintiff,<br><br>  v.<br><br>VALLEY STATE PRISON, et al,<br><br>  Defendants. | 1:20-cv-00029-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 6.) |

On January 27, 2020, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff alleges that he is mentally incompetent to represent himself and has no knowledge of the law. These circumstances, without more, do not make plaintiff's case exceptional under the law. On January 7, 2020, plaintiff's claims were severed from the original complaint, a new case was opened for plaintiff, and plaintiff was ordered to file an amended complaint within 30 days. (ECF No. 1.) To date, plaintiff has not filed the amended complaint.

Plaintiff alleges that the issues in his case are complex. However, without reviewing plaintiff's amended complaint, the court cannot determine whether plaintiff can adequately articulate his claims or whether he is likely to succeed on the merits. Therefore, plaintiff's motion for appointment of counsel shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel filed on January 27, 2020, is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **January 30, 2020**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE