UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WILKE MORGAN,<br><br>    Plaintiff,<br><br>vs.<br><br>VALLEY STATE PRISON, et al.,<br><br>    Defendants. | 1:20-cv-00029-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED AGAINST DEFENDANTS FISHER, PAEZ, ANGUIANO, CHAPAS, LUCERO, MARQUEZ, CRUZ, AND MOOSEBAUR FOR VIOLATION OF RLUIPA, VIOLATION OF THE FIRST AMENDMENT FREE EXERCISE CLAUSE, AND ADVERSE CONDITIONS OF CONFINEMENT IN VIOLATION OF THE EIGHTH AMENDMENT; AGAINST DEFENDANT FISHER FOR FAILURE TO PROTECT PLAINTIFF IN VIOLATION OF THE EIGHTH AMENDMENT; AND AGAINST DEFENDANT MOOSEBAUR FOR RETALIATION IN VIOLATION OF THE FIRST AMENDMENT; AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

Plaintiff Matthew Wilke Morgan is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On December 26, 2019, fifteen plaintiffs, including Plaintiff Matthew Wilke Morgan, filed the Complaint commencing this action against Valley State Prison (VSP), et al., for subjecting them to adverse conditions of confinement in violation of the Eighth Amendment by serving substandard food in Kosher meals

1

at VSP.  (ECF No. 2.)  On January 7, 2020, the court issued an order severing the fifteen plaintiffs' claims and opening new cases for individual plaintiffs. (ECF No. 1.)  Each of the fifteen plaintiffs was ordered to file an amended complaint in his own case within thirty days. (Id.)  On January 31, 2020, Plaintiff filed the First Amended Complaint in this case.  (ECF No. 10.)

The First Amended Complaint names as defendants Valley State Prison, CDCR, John Doe #1 (Headquarter Community Resource Manager), John Doe #2 (Associate Director of the Division of Adult Institutions), John Doe #3 (CDCR Departmental Food Administrator), J. Knight (Appeals Examiner), T. Thornton (Appeals Analyst, VSP), Raythel Fisher, Jr. (Warden, VSP), Timothy Anderson (inmate), John Doe #4 (inmate), Paez (Dining Hall Officer), Keene (Housing Unit Officer), Avila-Gonzalez (Correctional Officer), Sergeant Clements, Sergeant Santoya, C. Hernandez (Food Manager), Mohktar (Food Manager), Moosebaur (Culinary Supervisor Cook II), Hayman (Culinary Supervisor Cook II), Cruz (Culinary Supervisor Cook), Chapas (Culinary Supervisor Cook), Lucero (Culinary Supervisor Cook), Anguiano (Culinary Supervisor Cook), and Marquez (Culinary Supervisor Cook).  Plaintiff brings claims for violation of RLUIPA, violation of the First Amendment Free Exercise Clause, adverse conditions of confinement in violation of the Eighth Amendment, failure to protect Plaintiff in violation of the Eighth Amendment, retaliation in violation of the First Amendment, improper inmate appeals process, violation of equal protection, conspiracy, verbal threats, and state law claims.

The court screened the First Amended Complaint and found that it states cognizable claims against Defendants Warden Raythel Fisher, Jr., Dining Hall Officer Paez, and Culinary Staff Members Anguiano, Chapas, Lucero, Marquez, Cruz, and Moosebaur for violation of RLUIPA, violation of the First Amendment Free Exercise Clause, and adverse conditions of confinement in violation of the Eighth Amendment. In addition, the court finds that Plaintiff states a cognizable claim against Defendant Warden Raythel Fisher, Jr., for failure to protect Plaintiff in violation of the Eighth Amendment; and against Defendant Moosebaur for retaliation in violation of the First Amendment, but fails to state any other cognizable claims against any of the Defendants.  (ECF No. 16.)  On July 13, 2021, the court issued a screening order requiring

Plaintiff to either (1) file a Second Amended Complaint, or (2) notify the court that he is willing to proceed only with the claims found cognizable by the court.  (Id.)

On August 20, 2021, Plaintiff notified the court that he is willing to proceed only with the claims found cognizable by the court.  (ECF No. 20.)

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. This action proceed only on Plaintiff's cognizable claims in the First Amended Complaint against Defendants Warden Raythel Fisher, Jr., Dining Hall Officer Paez, and Culinary Staff Members Anguiano, Chapas, Lucero, Marquez, Cruz, and Moosebaur for violation of RLUIPA, violation of the First Amendment Free Exercise Clause, and adverse conditions of confinement in violation of the Eighth Amendment; against Defendant Warden Raythel Fisher, Jr., for failure to protect Plaintiff in violation of the Eighth Amendment; and against Defendant Moosebaur for retaliation in violation of the First Amendment;

2. All remaining claims and defendants be dismissed from this action;

3. Plaintiff's claims for improper inmate appeals process, violation of equal protection, conspiracy, and verbal threats be dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted;

4. Plaintiff's state law claims be dismissed from this action without prejudice based on Plaintiff's failure to state any claims upon which relief may be granted;

5. Defendants Valley State Prison, CDCR, John Doe #1 (Headquarter Community Resource Manager), John Doe #2 (Associate Director of the Division of Adult Institutions), John Doe #3 (CDCR Departmental Food Administrator), J. Knight (Appeals Examiner), T. Thornton (Appeals Analyst, VSP), Timothy Anderson (inmate), John Doe #4 (inmate), Keene (Housing Unit Officer), Avila-Gonzalez (Correctional Officer), Sergeant Clements, Sergeant Santoya, C. Hernandez (Food Manager), Mohktar (Food Manager), and Hayman (Culinary Supervisor Cook II), be dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted; and

6. This case be referred back to the Magistrate Judge for further proceedings, including initiation of service of process.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 27, 2021**          **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE