1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MATTHEW WILKE MORGAN,                    No.  1:20-cv-00029-DAD-GSA (PC)

12          Plaintiff,

13     v.                                     ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS AND DISMISSING
14   VALLEY STATE PRISON, et al.,             CERTAIN CLAIMS AND DEFENDANTS

15          Defendants.                       (Doc. No. 21)

16

17

18          Plaintiff Matthew Wilke Morgan is a state prisoner proceeding *pro se* and *in forma*

19   *pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a

20   United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

21          On July 13, 2021, the assigned magistrate judge issued a screening order finding that

22   plaintiff stated the following cognizable claims:  (1)  claims for violation of RLUIPA, violation of

23   the First Amendment Free Exercise Clause, and adverse conditions of confinement in violation of

24   the Eighth Amendment against defendants Warden Raythel Fisher, Jr., Dining Hall Officer Paez,

25   and Culinary Staff Members Anguiano, Chapas, Lucero, Marquez, Cruz, and Moosebaur; (2) a

26   claim for failure to protect in violation of the Eighth Amendment against defendant Warden

27   Raythel Fisher, Jr.; and (3) a claim for retaliation in violation of the First Amendment against

28   defendant Moosebaur.  (Doc. No. 16 at 38–39.)  The screening order was served on plaintiff and

                                               1

provided thirty (30) days for plaintiff to file a second amended complaint curing the noted deficiencies with respect to his claims found not to be cognizable or to notify the court of his willingness to proceed only on the claims found to be cognizable in the screening order.  (*Id.* at 39.)  On August 20, 2021, plaintiff filed a notice to proceed only on the cognizable claims.  (Doc. No. 20.)

Accordingly, on August 27, 2021, the assigned magistrate judge issued findings and recommendations, recommending that this action proceed only on plaintiff's cognizable claims. (Doc. No. 21.)  The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service.  (*Id.* at 4)  To date, no objections to the findings and recommendations have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1.    The findings and recommendations issued by the magistrate judge on August 27, 2021 (Doc. No. 21) are adopted in full;

2.    This action now proceeds only on plaintiff's following cognizable claims in the First Amended Complaint (Doc. No. 10):

    a.    Claims for violation of RLUIPA, violation of the First Amendment Free Exercise Clause, and adverse conditions of confinement in violation of the Eighth Amendment against defendants Warden Raythel Fisher, Jr., Dining Hall Officer Paez, and Culinary Staff Members Anguiano, Chapas, Lucero, Marquez, Cruz, and Moosebaur;

    b.    A claim for failure to protect in violation of the Eighth Amendment against defendant Warden Raythel Fisher, Jr.; and

    c.    A claim for retaliation in violation of the First Amendment against defendant Moosebaur;

2

3.   All remaining claims and defendants are dismissed from this action:

     a.   Plaintiff's claims based upon an allegedly improper inmate appeals process, violation of equal protection, conspiracy, and verbal threats are dismissed from this action due to plaintiff's failure to state any claims upon which relief may be granted;

     b.   Plaintiff's state law claims are dismissed from this action based on his failure to state any claims upon which relief may be granted, without prejudice to plaintiff bringing the state law claims in state court;

     c.   Defendants Valley State Prison, CDCR, John Doe #1 (Headquarter Community Resource Manager), John Doe #2 (Associate Director of the Division of Adult Institutions), John Doe #3 (CDCR Departmental Food Administrator), J. Knight (Appeals Examiner), T. Thornton (Appeals Analyst, VSP), Timothy Anderson (inmate), John Doe #4 (inmate), Keene (Housing Unit Officer), Avila-Gonzalez (Correctional Officer), Sergeant Clements, Sergeant Santoya, C. Hernandez (Food Manager), Mohktar (Food Manager), and Hayman (Culinary Supervisor Cook II), are dismissed from this action due to plaintiff's failure to state any claims against them upon which relief may be granted; and

4.   This case is referred back to the magistrate judge for further proceedings, including initiation of service of process.

IT IS SO ORDERED.

Dated:   **November 12, 2021**

_____
UNITED STATES DISTRICT JUDGE

3