UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WILKE MORGAN,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>VALLEY STATE PRISON, et al.,<br><br>　　　　　Defendants. | 1:20-cv-00029-ADA-GSA-PC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF THIS ACTION WITHOUT PREJUDICE UNDER RULE 41**<br><br>**(ECF No. 24.)**<br><br>**ORDER DISMISSING ACTION IN ITS ENTIRETY WITHOUT PREJUDICE**<br><br>**ORDER DIRECTING CLERK TO CLOSE FILE** |

**I.　　BACKGROUND**

　　Matthew Wilke Morgan ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds against Defendants Warden Raythel Fisher, Jr. and Culinary Worker Moosbauer ("Defendants") for violation of Plaintiff's right to exercise his religion under the First Amendment, adverse

1

conditions of confinement in violation of the Eighth Amendment, and failure to protect Plaintiff in violation of the Eighth Amendment.[1]  (ECF Nos. 10, 39.)

On August 25, 2023, Plaintiff filed a "Response and Statement of Facts," wherein Plaintiff requested that this case be dismissed. (ECF No. 43.) Although Plaintiff executed his portion of a stipulated voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff requested the Court to "consider filing my withdrawal as without prejudice for circumstances beyond my control." (Id. at 2 and see Exh. at 5-6.)

On August 28, 2023, Defendants Fisher and Moosbauer filed a notice of non-objection to Plaintiff's request for dismissal without prejudice.  (ECF No. 44.)

## II.     RULE 41

Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC, 548 F.3d 738, 748 (9th Cir. 2008).  Where a defendant has served an answer or a motion for summary judgment but has not signed a stipulation to dismiss, a plaintiff's voluntary dismissal must be effected through Rule of Civil Procedure 41(a)(2).  See Fed. R. Civ. P. 41(a); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1999). Rule 41(a)(2) provides in pertinent part:  "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  Fed. R. Civ. P. 41(a)(2); Hargis v. Foster, 312 F.3d 404, 412 (9th Cir. 2003).  "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

In this case, Defendants Fisher and Moosbauer filed an Answer on June 30, 2023.  (ECF No. 41.)  On August 28, 2023, Defendants Fisher and Moosbauer consented in writing to Plaintiff's voluntary dismissal without prejudice.  (ECF No. 44.)  Therefore, Plaintiff's motion to dismiss shall be granted, dismissing this action in its entirety, without prejudice.

---

[1] On June 8, 2023, the Court issued an order dismissing all other claims and defendants from this case, without leave to amend.  (ECF No. 39.)

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to dismiss this case without prejudice, filed on August 25, 2023, is GRANTED;
2. This action is DISMISSED in its entirety without prejudice; and
3. The Clerk of the Court is DIRECTED to close the file in this case and adjust the docket to reflect voluntary dismissal of this action without prejudice pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   **August 30, 2023**                    **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE